UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LEVINER, | No. 3:19-CV-724 |
| Plaintiff, | (Judge Mannion) |
| v. | |
| SANDY MIKHARZUCZ, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

Plaintiff Eric Leviner, an adult individual who was previously incarcerated at the State Correctional Institution at Retreat in Hunlock Creek, Pennsylvania, filed an amended complaint raising an Eighth Amendment medical care claim resulting from a slip and fall he had at SCI Retreat. (Docs. 1 (compl.), 18 (amended compl.)). Defendants Nurse Sandy Mikharzucz, CHCA Smith, Superintendent Mason, and Principal Burger, all employed at SCI Retreat, have filed a motion for summary judgment. (Doc. 29). For the reasons explained below, the Court will grant the motion.

I.     BACKGROUND

    A.     **Allegations of the Amended Complaint**

On February 5, 2019, Plaintiff had an accident on the school steps at SCI Retreat. (Doc. 18 at 1). He slid down the steps, which were icy, and he injured his left side. (*Id.*). He was then taken to Geisinger Hospital and was

released that same day with notes as to what he would need. (*Id.*). Plaintiff spent the night at the infirmary at SCI Dallas due to the muscle relaxers he was given at the hospital. (*Id.*). There, he received Motrin for pain. (*Id.* at 2). After that night, Plaintiff was sent back to SCI Retreat.

Once he returned to SCI Retreat, Plaintiff was seen by the nurses there. (*Id.*). They told him that the only medication that he would receive would be his mental health medication, and that he would need to ask the nurses in the medication line for Motrin until the doctor could see him. (*Id.*). When Plaintiff saw the doctor, he had swelling and inflammation on his left side. (*Id.*) The doctor prescribed him extra strength Tylenol and ibuprofen for ten days. (*Id.*). He was also given a cane to assist with walking. (*Id.*).

Plaintiff filed a grievance about this incident because when he returned to SCI Retreat, "he was treated as if his injuries had never occurred." (*Id.* at 3). His grievance was denied, and that denial was upheld on appeal. (*Id.*).

Plaintiff alleges that the above actions violated his Eighth Amendment right to medical care, and he has named as defendants Grievance Officer Smith, Superintendent Mason, Principal Burger, and Nurse Mikharzucz. All defendants are employed at SCI Retreat.

### B. Statement of Facts

On February 5, 2019, while Plaintiff was incarcerated at SCI Retreat, Plaintiff slipped and fell down the stairs at the Education Department. (Doc. 35 at 1). Plaintiff was transported to the hospital, after which he was transferred to SCI Dallas for overnight observation. (*Id.* at 1-2).

Plaintiff returned to SCI Retreat on February 6, 2019. (*Id.* at 2). There is no indication in his records that he complained of pain at this time. (*Id.*). On February 7, 2019, Plaintiff was prescribed ibuprofen and extra strength Tylenol by non-party Dr. Diaz. (Docs. 35 at 2; 35-3 at 5).

Plaintiff filed a grievance on February 7, 2019. (Doc. 35 at 2). Defendant Smith, acting as a grievance officer, investigated and responded to the grievance. (Doc. 35-3 at 5). In it, Plaintiff states that he slipped on the icy stairs and was later denied "ice, motrin, and pain meds," which he stated the hospital told him that he would need. (*Id.*). In the grievance, Plaintiff stated that "the medical" was refusing to provide these materials for him; he does not name any particular individual. (*Id.*). The denial of the grievance was eventually upheld by Defendant Superintendent Mason. (*Id.* at 2).

Plaintiff has filed an opposition to the motion for summary judgment. He does not specifically respond to Defendants' statement of facts, but provides his own narrative of the incident. Relevant here, he states that

3

when he returned to SCI Retreat, Defendant Nurse Mikharzucz advised him that there was nothing in his file to indicate that he needed pain medication, and, therefore, he would only receive his mental health medications. (Doc. 42 at 1). She also advised him that he could request pain medication in the pill line until he sees the doctor. (*Id.*). He states that Defendants Smith and Mason handled his grievances. (*Id.*). He also states that Defendant Burger was the head of education and the "main witness" to the incident. (*Id.* at 2).

## II.   STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 250. The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. *See Celotex Corp. v. Carrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Hugh*, 418 F.3d at 267 (citing *Anderson*, 477 U.S. at 251).

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

Plaintiff has brought his medical care claim under the Eighth Amendment pursuant to 42 U.S.C. §1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. §1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

In order to be liable under §1983, however, "[a] defendant in a civil rights action 'must have personal involvement in the alleged wrongs to be liable,' and 'cannot be held responsible for a constitutional violation which he or she neither participated in nor approved.'" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, supervisory liability cannot be imposed under §1983 by *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976); *Durmer v.*

6

*O'Carroll*, 991 F.2d 64, 69 n.14 (3d Cir. 1993). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. A plaintiff must show that an official's conduct caused the deprivation of a federally protected right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Gittlemacker v. Prasse*, 428 F.2d 1, 3 (3d Cir. 1970) (A plaintiff "must portray specific conduct by state officials which violates some constitutional right.").

None of the defendants are employed at SCI Dallas, where Plaintiff spent his first night after his release from the hospital. Thus, to the extent that Plaintiff did intend to include a claim regarding the care or lack thereof that he received at SCI Dallas, none of the defendants were personally involved in his care or treatment there.

In addition, the only allegation regarding Defendant Burger, who is the principal at the school at SCI Retreat, is that he witnessed Plaintiff's fall. There is no fact or allegation that Defendant Burger was involved in Plaintiff's medical treatment. As such, he lacks personal involvement in Plaintiff's Eighth Amendment medical claim.

Defendants Mason and Smith were also not personally involved in Plaintiff's medical treatment. Specifically, Plaintiff states that these defendants were only involved in responding to his grievances about his

7

medical care. A prisoner's allegation that prison officials and administrators responded inappropriately or failed to respond to a prisoner's complaint or official grievance does not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct. *See Rode*, 845 F.2d at 1207-08 (concluding that review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement).[1] Further, a supervisory official has no affirmative constitutional duty to supervise or discipline subordinates so as to prevent the violation of constitutional rights. *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Neither Defendant Mason or Smith were personally involved in Plaintiff's medical care as their only involvement was limited to responding to his grievance.

The undisputed facts demonstrate that neither Defendants Burger, Mason, nor Smith were personally involved in Plaintiff's medical care or treatment. As such, they cannot be held liable as a matter of law in an Eighth Amendment medical care claim, and the Court will enter summary judgment in their favor.

---

[1] *See also Pressley v. Beard*, 266 F. App'x 216 (3d Cir. 2008) (prison officials cannot be held liable solely based on their failure to take corrective action when grievances or investigations were referred to them); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006).

8

The only defendant who was involved in Plaintiff's medical care is Nurse Mikharzucz. Plaintiff's medical claim against her, however, fails as a matter of law as she was not deliberately indifferent to his medical needs. "In order to state a cognizable [medical] claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[T]o succeed under these principles, plaintiffs must demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). This standard affords considerable latitude for medical professionals within a prison to diagnose and treat the medical problems of inmate patients. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979); *Little v. Lycoming County*, 912 F. Supp. 809, 815 (M.D. Pa. 1996). Some of the more common situations in which "deliberate indifference" has been found include when the defendant knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, and prevents a prisoner from receiving needed or recommended medical treatment. *Id.*

The Court can discern no deliberate indifference by Nurse Mikharzucz. She advised Plaintiff that he had not been prescribed any pain medications according to the records she had, and thus could only provide him with his mental health medications. She explained to him that he could request pain medication in the pill line until he was able to see the doctor. Plaintiff saw the doctor the next day, who prescribed him two pain medications. Rather than being deliberately indifferent to Plaintiff's medical need, Nurse Mikharzucz offered Plaintiff the option to receive pain medication in the pill line, to ensure that he would be able to obtain pain relief until he met with the doctor.[2] Nurse Mikharzucz was not deliberately indifferent to Plaintiff's medical needs, and, therefore, summary judgment is proper as a matter of law in her favor.

## IV.   CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 18, 2021**

19-724-01

---

[2] It is unclear whether Plaintiff sought such medication in pill line.